**SO ORDERED.**

**SIGNED this 01 day of April, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

SHADY L. DANIELS, III &            CASE NO. 09-08798-8-JRL
MELINDA K. HUGHES,                  Chapter 13

    Debtors.
_____

## ORDER

This case is before the court on Equipment Finance, Inc.'s ("EFI") motion for relief from stay and motion to dismiss. A hearing on these matters was conducted on March 31, 2010 in Wilmington, North Carolina.

The debtors, Shady L. Daniels III and Melinda K. Hughes, filed a joint petition for relief under chapter 13 of the Bankruptcy Code on October 8, 2009. With the filing of their petition, the debtors scheduled unsecured claims totaling $212,075.01 on Schedules E and F. In addition, the debtors scheduled EFI as a creditor in this case. EFI's involvement in the debtors' affairs stems from a promissory note in the principal amount of $340,642.54 and a security agreement pledging certain equipment executed by K&S Timber, LLC on July 8, 2008; on that same day, the debtors executed a guaranty agreement under which they jointly guaranteed all obligations of K&S Timber, LLC to EFI under the promissory note and security agreement. The debtors

scheduled the equipment K&S Timber, LLC pledged as collateral on their Schedule B and valued the equipment at $17,950.00 on Schedule D. By virtue of filing a proof of claim in the amount of $201,789.60, EFI is the holder of an allowed secured claim in this case. The debtors' plan, not yet confirmed, proposes to make payments to EFI on its secured claim.

On March 5, 2010, EFI filed the instant motion to dismiss, contending that Mr. Daniels and Ms. Hughes are not eligible to be debtors under chapter 13 because the total unsecured claims against them exceeds the debt limits established in 11 U.S.C. § 109(e). Section 109(e) provides, in relevant part, that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e).

At the hearing, EFI represented to the court that it examined each claim in the instant case. Using the amount of each proof of claim filed or, if no proof of claim was filed, the amount scheduled by the debtors, EFI bifurcated each claim as required by 11 U.S.C. § 506 and arrived at the amount of secured and unsecured claims against each of the debtors individually. With respect to EFI's claim arising from the promissory note and security agreement, for example, EFI represented that it has a secured claim of $17,950.00, the value of the equipment scheduled by the debtors on Schedule D, as well as an unsecured claim of $183,839.60 against each debtor. The debtors did not object to EFI's approach or any of the claims that were considered. EFI concluded, and the court agrees, that the unsecured debt of Mr. Daniel and Ms. Hughes is $367,408.01 and $415,910.40, respectively. As such, each individual's unsecured debt is clearly above the amount allowable for a chapter 13 debtor.

2

Based on the foregoing, Mr. Daniels and Ms. Hughes are not eligible to be chapter 13 debtors under 11 U.S.C. § 109(e), and the motion to dismiss filed by EFI is GRANTED. The motion for relief from the automatic stay is, therefore, moot.

**"END OF DOCUMENT"**